[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12403

_____

```
                              FILED
                       U.S. COURT OF APPEALS
                        ELEVENTH CIRCUIT
                         MARCH 14, 2012
                           JOHN LEY
                            CLERK
```

D.C. Docket No. 3:09-cv-00652-MMH-JBT

WILLIAM R. TINNERMAN,

                                      Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,

                                      Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 14, 2012)

Before MARCUS, PRYOR and SILER,[*] Circuit Judges.

_____

    [*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

PER CURIAM:

William Tinnerman appeals the district court's dismissal of his quiet title action against the United States related to a federal tax lien imposed on Tinnerman's personal property. The property subject to the government's tax lien is all of the issued and outstanding shares of stock in a Florida corporation, St. Augustine Self-Storage, Inc., which is solely owned by Tinnerman. The lien is for the purpose of collection of Tinnerman's unpaid income tax liabilities for the 1999-2002 tax years, additional tax penalties for those years, and penalties imposed for filing frivolous tax returns for the 1996-1998 tax years.

Tinnerman's quiet title suit challenges the tax lien on two fronts. First, Tinnerman seeks to invalidate the Internal Revenue Service's ("IRS") underlying assessment of his tax liability, alleging, inter alia, that IRS agents lacked the authority to take certain steps in the assessment process. Second, Tinnerman claims that the tax lien itself was procedurally deficient, because the notice of tax lien failed to clearly identify the kind of tax giving rise to the lien and was improperly filed. On appeal, Tinnerman challenges only the district court's dismissal of the first prong of his amended complaint.

After thorough review, and having the benefit of oral argument, we affirm. We

do so on the basis of the district court's thorough and well-reasoned opinion of March 31, 2011. The district court correctly determined that it lacked subject matter jurisdiction over the first prong of Tinnerman's challenge, because Tinnerman improperly used the vehicle of a quiet title action to "challenge the merits of the underlying assessment," and the federal government has not waived its sovereign immunity with respect to such challenges. Stoecklin v. United States, 943 F.2d 42, 43 (11th Cir. 1991).[1]

**AFFIRMED.**

---

[1] We note in passing that, although Tinnerman does not challenge on appeal the district court's dismissal of the second prong of his amended complaint, we can discern no error in the district court's conclusion that it retained jurisdiction over Tinnerman's challenge to the procedural validity of the lien itself, see Stoecklin, 943 F.2d at 43, but that dismissal under Fed. R. Civ. P. 12(b)(6) was appropriate because the notice of tax lien attached to the pleadings was facially valid and properly filed, and therefore Tinnerman failed to state a plausible claim for relief. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).